OPINION *Page 2 
{¶ 1} Intervening defendant-appellant, Premium Medical Staffing, LLC, appeals an Order Granting the Emergency Motion of the Receiver SSG Financial Services, Inc. to Establish the Receiver's Priority in the Revenues, for the Release of the Garnished Revenues, and to Stay Any Further Collection Action against Property of the Receivership, rendered by the Ashtabula County Court of Common Pleas. Premium Medical Staffing claims a right in the subject revenues through garnishment proceedings, instituted independently of the underlying foreclosure action. For the following reasons, we affirm the decision of the court below.
 {¶ 2} The underlying action commenced on January 20, 2006, when the Ashtabula County Treasurer filed a Complaint of Delinquent Taxes, Assessments, Penalties, Foreclosure, Costs, and Equitable Relief against Windsor Estates Realty, Ltd., Windsor Estates Health Care Center, Inc., Metropolitan Bank and Trust Company, and Fifth-Third Bank. The Complaint alleged delinquent taxes, assessments, and penalties on land located in Windsor, Ohio, and owned by Windsor Estates Realty, in which Windsor Estates Health Care Center had an interest as a lessee and Metropolitan Bank and Fifth-Third Bank had interests as mortgagees. Windsor Estates Realty and Windsor Estates Health Care Center operated Grand Valley Country Manor, a nursing home located on the subject property.
 {¶ 3} In the course of the proceedings, Sky Bank became a party as successor in interest to Metropolitan Bank and Trust. Sky Bank filed a cross-claim against Windsor Estates Realty and Windsor Estates Health Care Center, seeking to have its mortgage and Windsor Estates' equity of redemption foreclosed, all liens marshaled and their priority determined, and the subject real estate sold. Thereafter, the *Page 3 
Ashtabula County Treasurer voluntarily dismissed his complaint. The case remained pending on Sky Bank's cross-claim.
 {¶ 4} On April 3, 2007, the Ashtabula County Court of Common Pleas granted summary judgment in favor of Sky Bank against the Windsor Estates, providing for the sale of the subject property and prioritizing the interests of all parties to action. Huntington National Bank became successor-by-merger to Sky Bank's interests in the foreclosure and subsequently assigned its rights to defendant-appellee, DB Midwest LLC.
 {¶ 5} On May 6, 2008, the trial court issued a Judgment Entry appointing appellee, SSG Financial Services, as receiver, with authority "[t]o immediately take and have complete and exclusive possession, control and custody of the Collateral, including, but not limited to, all earnings, rents, issues, income, profits and other revenues of Grand Valley * * *."
 {¶ 6} While this case was pending in Ashtabula County, Premium Medical Staffing was prosecuting an action against Windsor Estates Realty, Ltd., Windsor Estates Health Care Center, Inc., and Grand Valley Management Consultants, Inc., in a Lake County case denominated Premium MedicalStaffing, L.L.C. v. Progressive Grand Valley LLC, C.P. No. 05-CV-001860. On March 3, 2006, Premium Medical Staffing obtained a judgment in the amount of $33,284.22, plus interest.
 {¶ 7} On May 28, 2008, Premium Medical Staffing obtained an Order and Notice of Garnishment against certain bank accounts held by the Windsor Estates. One of these accounts was a Huntington Bank checking account in the name of Grand Valley Management Consultants, Inc. *Page 4 
 {¶ 8} On June 12, 2008, SSG Financial Services filed an Emergency Motion to Establish the Receiver's Priority in the Revenues, for the Release of the Garnished Revenues, and to Stay Any Further Collection Action against Property of the Receivership.
 {¶ 9} On June 12, 2008, the trial court granted SSG Financial Services' Emergency Motion and ordered Huntington Bank and/or Premium Medical Services to release the garnished funds to the receiver.
 {¶ 10} Premium Medical Services filed a Notice of Appeal from the June 12, 2008 Order as well as a subsequent Judgment Entry denying its Motion to Vacate the June 12, 2008 order. In its appeals, Premium Medical Services argued the trial court erred by ordering the release of the garnished funds held by Huntington Bank.
 {¶ 11} On October 6, 2008, while these appeals were pending in this court, the Lake County Court of Common Pleas vacated its May 28, 2008 garnishment order. Thus, the sole issue raised in this appeal has been rendered moot. Without the existence of an underlying garnishment order, Premium Medical Services has no basis for arguing that the trial court erred by ordering the release of funds which are no longer subject to a garnishment order. Likewise, Premium Medical Services would obtain no relief were this court to overturn the lower court's judgment ordering the release of the funds. App. R. 12(B) ("When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly."). *Page 5 
 {¶ 12} For the foregoing reasons, the June 12, 2008 Order of the Ashtabula County Court of Common Pleas, granting SSG Financial Service's Emergency Motion for the Release of Garnished Revenues, is affirmed. Costs to be taxed against appellant.
 COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1